In re Estate of Hyman Holsman, Deceased, Joseph P. Grady et al., Appellants, v. Nellye Holsman and Continental Illinois National Bank and Trust Company, Appellees.

Gen. No. 39,738.

Opinion filed May 11, 1938. Rehearing denied May 26, 1938.

RUSSELL, MURPHY & PEARSON, of Chicago, for appellants; WALTER WM. PEARSON and JOHN R. RILEY, both of Chicago, of counsel.

JAMES ROSENTHAL and SIDNEY LEVY, both of Chicago, for appellees.

Mr. Justice Hall delivered the opinion of the court.
This is an appeal from an order of the circuit court
of Cook county, dismissing the claim of Joseph P.
Grady and others against the estate of Hyman Hols-
man, deceased. The claim is for the sum of $1,000, and
is based upon the amount of the claimed liability of the
decedent as a bank stockholder. The matter was heard
in the circuit court on appeal from the probate court,
where the claim had been dismissed. A hearing was
had on the claim filed, a motion to dismiss, together
with a stipulation of facts, which recites, in substance,
that a bill in chancery was filed on June 20, 1932, in
the superior court of Cook county by Joseph P. Grady
and others against the Devon Trust and Savings Bank
and the stockholders of that bank as defendants, seek-
ing to enforce the constitutional liability of the de-
fendants, the stockholders of the bank; that among the
defendants named in the bill was Hyman Holsman, the
decedent against whose estate this claim is filed; that
Hyman Holsman, in the chancery case, was served
with summons on July 6, 1932, entered his appearance
on July 7, 1932, and filed an answer on July 20, 1932;
that on August 27, 1932, while the proceeding in the
superior court was pending, Hyman Holsman died,
and that his death was suggested of record, but that
the executors of his estate were not made parties de-
fendant, were not served with summons, and that they
filed no appearance in the cause; also that subse-
quently, a final decree was entered in the cause in the
superior court, but that no judgment was sought or en-
tered against the executors of the estate of Hyman
Holsman. The claim in the probate court was filed on
October 23, 1934.

Attached to and made a part of the stipulation of
facts filed in the probate court, is a copy of an injunc-
tion order entered in the superior court on July 30,
1932, in the cause then pending in that court. Among

other things, this document contains the following recital:

"This matter coming on to be heard upon petition of Joseph Grady, John Sweeney and A. J. Boland, complainants, for an order enjoining and restraining each and every creditor of said Devon Trust & Savings Bank, *excepting complainants herein,* from commencing, instituting or prosecuting any suit at law or proceeding in equity against any stockholder or stockholders of said bank to enforce the stockholders' liability thereof." After certain jurisdictional findings were made by the superior court to the effect that the suit was brought to enforce the liability imposed by the constitution of the State, that the suit was brought in a representative capacity by complainants in behalf of themselves and all other creditors of the Devon Trust and Savings Bank, and that for the protection of the creditors, it would be desirable that all creditors, except the complainants therein, be enjoined from instituting other proceedings, and that inasmuch as the number of creditors of the bank is upwards of 10,000, it would prejudice the rights of complainants and other creditors if notice was required, the judgment order entered in the superior court proceeds as follows: "That a writ of injunction issue in the above entitled causes as prayed in said verified petition filed herein, and that each and every creditor of said Devon Trust and Savings Bank, their solicitors, attorneys, agents and servants and each of them *(excepting however the complainants herein)* be and they are hereby enjoined and restrained from instituting or prosecuting any suits or actions of any kind, in law or in equity, against the said Devon Trust and Savings Bank, or any of its stockholders, seeking to recover from said stockholders, separately or jointly, the amount of or any part of the amount of the liability of said bank to any creditor thereof accruing while any of said stockholders held or owned shares of stock in said bank."

The statement of claim filed in the probate court is as follows:

"Devon Trust & Savings Bank
"Closed June 18, 1932
"Super-added liability of Estate of Hyman Holsman, deceased.
"To Creditors of Devon Trust and Savings Bank (Payable to Logan L. Mullins, Receiver in Consolidated Cause No. 561664 in the Superior Court of Cook County, Illinois).
"By virtue of the ownership by said Hyman Holsman of shares of stock in said bank, as follows:

| "No. of shares | Period Held | Accrual of Unsatisfied liability | Liability of Est. of Hyman Holsman |
|---|---|---|---|
| 10 | May 5, 1931 to June 18, 1932 | $572,783.49 | $1,000 |

"Total Liability of Estate of Hyman
Holsman...................... $1,000
"[Affidavit of claim attached to statement and filed in the Probate Court on October 23, 1934, as follows:]
"Walter Wm. Pearson, being first duly sworn, on oath deposes and says that he is the duly authorized agent in this behalf of Joseph P. Grady, also known as Jos. P. Grady, J. S. Neeson, Maurice E. Roche, also known as M. E. Roche, Leo Halperin, W. R. Grogan Jr., S. Labar, Samuel Wenzelberg, also known as S. Wenzelberg, and Francis L. Gorman, also known as Dr. F. L. Gorman, complainants in consolidated cause No. 561665 brought for the benefit of all of the creditors of the Devon Trust and Savings Bank, an Illinois Banking Corporation, against all of the stockholders thereof to enforce the liabilities of said stockholders to the creditors of said bank, and says that the annexed claim against the Estate of Hyman Holsman, Deceased, is just and unpaid, after allowing for all just credits, and

that the creditors of Devon Trust & Savings Bank have no other claim against said estate.''

The motion to dismiss the claim recites among other things that it is not shown in the claim filed in the probate court that the claimants, Joseph P. Grady and the others mentioned, were creditors at the time when the decedent, in his lifetime, was the owner of 10 shares of stock from May 5, 1931, to June 18, 1932, of the Devon Trust and Savings Bank, to whom such deceased was liable for superadded liability as a stockholder, as provided by law; that the claim does not show who the creditors of the Devon Trust and Savings Bank were, and the amount of the indebtedness as to each such creditor of said bank existing during the period from May 5, 1931, to June 18, 1932, and whose claims have not thereafter been paid. This motion to dismiss further sets forth the decree mentioned in the stipulation of facts as an additional ground for dismissal.

Claimants contend that it was not necessary, as a matter of pleading, to show in the claim that the nominal or representative creditors in whose name the claim was filed, were creditors during the particular period during which the deceased held stock in the bank; that it was not necessary to show in the claim the names of all the creditors of the bank and the amount of indebtedness to each of such creditors during the time the deceased held stock therein; that the probate court originally, and the circuit court subsequently on the appeal therefrom, should have gone into the merits of the claim, heard the evidence, and should have applied equitable principles in arriving at its judgment.

The theory of the respondents as stated in the brief, is that it was essential to allege in the claim that the named claimants were creditors of the bank at the time the deceased held stock; that it was also necessary to

allege the names and amounts due to the creditors of the bank during the period the deceased held his stock, and that the probate court could not entertain a claim where the named claimants represented themselves and all others in the same class. Also, that at the time the claim was filed, the equity suit was pending on behalf of all the creditors against all of the stockholders including the deceased, whose death was suggested in the equity suit and to which his executors were not made parties defendant nor substituted as legal representatives of the deceased; that by virtue of the writ of injunction issued in said equity suit, claimants were enjoined from bringing a separate action against the defendant Holsman, and against his estate; that the claimants herein, by their agent, allege that they are complainants in the bill in equity brought for the benefit of all of the creditors of the Devon Trust & Savings Bank against all of the stockholders thereof, to enforce the liabilities of said stockholders to the creditors of said bank, that as such, they have no standing in a court of law, nor does the claim show who the creditors were, nor the amount of the indebtedness to such creditors during the time that the deceased held his stock, which creditors would be the only parties who could assert their claim against the deceased as stockholder, if they had a right to sue at law.

The decretal order entered in the injunction suit, in addition to the matters stipulated, and after a recitation to the effect that Joseph P. Grady, John Sweeney and A. J. Boland are petitioners for an order enjoining and restraining each and every creditor of the Devon Trust and Savings Bank, except the complainants in said suit, from commencing, instituting or prosecuting any suit at law or proceeding in equity against any stockholder or stockholders of said bank to enforce the stockholders' liability thereof, upon the

verified petition filed in the complaint, contains the following:

"That it is for the best interests of and for the protection of all the creditors of said Devon Trust and Savings Bank that an order should be entered herein enjoining and restraining each and every creditor of said bank, excepting complainants herein from instituting or prosecuting any suit at law or proceedings in equity against any one or more of the stockholders of said bank seeking to recover therein from said stockholders separately or jointly any part or all of the liability imposed upon such stockholder by the Constitution of this State.

"That inasmuch as the above cause is a representative suit, brought by complainants in behalf of themselves and of all other creditors of said bank, the rights of all other creditors will be fully protected in this suit, and said other creditors will gain the same relief in this cause as by filing and prosecuting other suits, whereas other suits will tend to confuse and harass the stockholders and put said stockholders to needless expense, and the added expense of such other suits will reduce the amount available to the creditors of said bank; and the court is of the opinion that good cause has been shown and that this injunction ought to be granted without requiring a bond to be given by the complainants herein, and such bond should be excused."

It is to be noted that the defendant does not deny liability for the amount alleged to be due. However, as stated, defendant insists that where a representative proceeding in equity to enforce bank stockholders' superadded liability has been instituted, individual creditors may not institute a proceeding at law against a stockholder of the bank involved; that the probate court has no jurisdiction to proceed in a case of an equitable character as though a bill in chancery

has been filed, and that the legal representative of the deceased should have been made party defendant in the equity suit upon the defendant's death. If the last proceeding suggested should have been followed and a decree had been entered against the defendant here, it would necessarily have ordered that any amount found to be due should be paid in the due course of administration of the estate. As to the point made that the probate court has no jurisdiction, we call attention to the case of *Trego v. Estate of Cunningham,* 267 Ill. 367. In that case, a claimant in the probate court alleged the insolvency of the principal maker of a promissory note, together with the insolvency of certain of the sureties, and asked for a contribution of one third of the amounts of the notes from the estate. In passing upon the question as to the character of the action and as to the jurisdiction of the probate court, the Supreme Court said: "That [the claim filed] was an appeal to the equitable powers of the probate court, and that court, although without general chancery jurisdiction, has equitable jurisdiction in the settlement and allowance of claims. To avoid delay, expense and embarrassment in the settlement of estates by requiring a resort, in the first place, to a court of equity, it will proceed in a case of an equitable character as though a bill in chancery has been filed, and will hear the evidence, investigate the claim and apply equitable rules in determining the judgment. (*Moore v. Rogers,* 19 Ill. 347; *Dixon v. Buell,* 21 id. 203; *Howard v. Slagle,* 52 id. 336; *Wadsworth v. Connell,* 104 id. 369; *Thomson v. Black,* 200 id. 465.) In such a case the court will act substantially as a court of equity, disregarding mere matters of form and looking to the substance to determine the equities of the parties. Section 60 of the Administration act provides for filing claims against estates, and that on objection to the claim the case shall be tried

as other suits at law and either party may demand a jury of six or twelve men to try the issue. Evidently the General Assembly had in mind such claims as would give rise to an action at law which should be tried as other suits at law, and could not have intended that such proceedings as the settlement of accounts of deceased guardians, executors, administrators or trustees, or rights enforceable in equity, although presented in the form of claims against estates, should be tried by jury. This suit was, in substance, a proceeding in chancery which might have been prosecuted in a court of chancery, where there would be no trial by a jury, and the probate court, when called upon to grant the same relief upon the same equitable principles, would properly adopt the same procedure." See also *Foreman State Trust & Savings Bank v. Tauber,* 348 Ill. 280. Further, the case of *Sanders v. Merchants State Bank,* 349 Ill. 547, seems to hold that it would have been the legal duty of the claimants to file this claim in the probate court.

We are of the opinion that the court was in error in refusing to give the claimants a hearing on the issues made and in dismissing the claim. We are of the further opinion that the probate court has full jurisdiction and power to consider and pass upon the entire question. The judgment of the circuit court of Cook county is, therefore, reversed and remanded for a hearing.

*Reversed and remanded.*

HEBEL, P. J., concurs.

DENIS E. SULLIVAN, J., takes no part.